## ROADWAY EXPRESS, INC v
## FIDELITY & GUARANTY FIRE CORP

Ohio Appeals, 9th Dist, Summit Co

No 2524.  Decided June 25, 1935

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

As we view the law applicable to such a state of facts, we do not think that the conduct of the parties constituted a new contract of shipment of the goods from Richmond to Akron, so as to bring the same within the terms of the policy of the Fidelity Co., but that such transaction constituted a diversion of the original shipment, the entire transaction being between a single carrier and the consignor and owner of the goods.

There is no evidence of an express contract made on December 4th, and the carrier's undertaking to return said goods to Akron was not referable to a new agreement, but was rather an acknowledgment of its obligation under the bill of lading to comply with the directions of the owner of the goods to divert the shipment, while in transit, to a new destination, and the promise of the owner to pay the additional charges was not an implied promise arising out of a new contract, but was an express promise made in the bill of lading as a part of the original contract of shipment. The parties themselves construed their transaction at Richmond to be a diversion of the original shipment, and their subsequent conduct is consistent with such construction and inconsistent with any other construction; and there is evidence in the record that the agent of said first or other insurance company was notified by the carrier of the damaged condition of said goods while they were at Richmond, and that "he instructed return of load to Akron," which act is also consistent with said construction of said transaction.

We are justified, under the facts and circumstances of this case, in giving effect to such construction of the parties to and interested in said transaction, and therefore we hold that the goods were not lost upon a shipment made after December 1, 1931, at noon, and that the Fidelity Co. is not liable under its policy for any part of such loss.

We have heretofore stated that said carrier did not report said loss to the Fidelity Co., and made no claim whatever against it until the bringing of this suit, and perhaps that statement should be somewhat amplified.

The record discloses that said carrier reported said loss, not to the agents of the Fidelity Co., but to the agents of said other insurance company, and that, some time thereafter, such agents wrote to the agents of the Fidelity Co. about said loss and suggested that the loss was covered by the Fidelity policy, rather than by the policy of the other insurance company, which other company was being urged by the carrier to pay said loss, and the record discloses further that the statement by the Fidelity Co., that it was not liable and would deny liability, was not made to the carrier or to any agent of the carrier, but was made in a letter to its own resident agents; and there is no evidence in the record that the contents of said letter were made known to said carrier or to any agent of said carrier.

It is true that such agents of said other insurance company negotiated with the resident agents of the Fidelity Co. for the issuance of its policy, but such policy was issued and countersigned by its resident agents; other than that, such agents of the other insurance company were never in any sense the agents of said carrier or said tire company, and said agents of such other insurance company, not being regular agents of the Fidelity Co., could not properly be the agents of the Fidelity Co. or said carrier as to any matter as to which there was a conflict of interests between said carrier and the insurance company for which they were regular agents; and the evidence in the record does not justify the conclusion that such agents, in writing about said loss to the agents of the Fidelity Co., suggesting that it was liable for said loss, represented or claimed to represent said carrier, or any one except the insurance company for which they were regular agents, the interests of which company they were attempting to serve by trying to get the Fidelity Co. to pay said loss.

We can find no evidence in the record indicating that after said loss said carrier communicated, or attempted to communicate, with said Fidelity Co., or that it directed any one to communicate with said company in its behalf, or that any one who did communicate with the Fidelity Co. with reference to said loss claimed to do so on behalf of said carrier.

The relief sought by the petition in error will therefore be denied, and the relief sought by the cross-petition in error granted, and the judgment of the Common Pleas Court reversed; and the material facts being undisputed, and the reasonable inferences deducible therefrom admitting of but one reasonable conclusion, judgment will be rendered in favor of the Fidelity & Guaranty Fire Corp., dismissing the petition of the carrier, the Roadway Express, Incorporated, at its costs.

FUNK, PJ, and STEVENS, J, concur in judgment.

## ON APPLICATION FOR REHEARING

Decided Sept 13, 1935

By WASHBURN, J.

An application for rehearing herein, accompanied by a very elaborate brief, has been filed by the plaintiff in error.

We are sorry that our opinion was not made plainer in one particular. Counsel

**644**

for plaintiff in error seem to think that our judgment was based upon our finding that, until the bringing of this suit, neither the plaintiff in error nor the Goodyear Tire & Rubber Co. made any claim against, or proof of the loss of the goods to, the Fidelity Co.

Such is not the case. No such defense was urged.

What we said on that subject was said in demonstration of the fact that the plaintiff in error, the carrier, as well as the Goodyear Tire & Rubber Co., the shipper, did not construe the transactions between them, with reference to the goods that were destroyed by fire, as constituting two shipments of the goods; one before the Fidelity insurance became effective, and one after it became effective.

The basis of our judgment was the finding that, as a matter of law, upon the ultimate and controlling facts, which were undisputed, the goods were not lost upon a shipment made after the Fidelity insurance became effective. That was an important and controlling issue.

In the application for a rehearing, the question is raised, for the first time, that the Fidelity Co. was not entitled to any relief upon its cross-petition in error, for the reason that its motion for a new trial in the Common Pleas Court was not filed within three days after the "verdict or decision" was rendered in the Common Pleas Court, and that that is especially true as to any relief the granting of which would involve the weighing of the evidence.

We do not find it necessary to definitely determine whether or not the motion of the Fidelity Co. for a new trial was filed within the proper time; but it may be proper to suggest that, if the law as announced in the case of **Industrial Comm. v Musselli, 102 Oh St 10,** was not overruled or modified by the decision in the case of **Boedker v Warren E. Richards Co., 124 Oh St 12,** then said motion was filed within time. The Musselli case is not cited or mentioned in the Boedker case, and the word "finding" in the first paragraph of the syllabus in the Boedker case was used with reference to an act done by the court by an actual entry made on its journal. If the word "finding" is limited to that meaning, then there is no conflict in the two cases; and in the case at bar there was no such "finding."

In the instant case the trial judge prepared an opinion disposing of the case, which he denominated a "finding" and which he filed with the clerk; but the court in no manner spoke through its jour-

nal. It has been repeatedly decided that a court speaks only through its journal, and that a judgment or decision is not rendered until it is reduced to a journal entry, duly approved, and filed with the clerk for entry upon the journal. We make no attempt to cite the many cases so holding, but a number of them are considered in the Musselli case, supra.

But if, upon the question of whether or not there was one or two shipments, the ultimate and controlling facts were undisputed, or were such that reasonable minds could not reasonably differ as to them, it was our duty to determine the question of law presented by the motion of the Fidelity Co. for a judgment in its favor, made at the conclusion of plaintiff's case, and renewed at the conclusion of the entire case, regardless of whether or not said motion for a new trial was filed in time,

**Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469.**

**Bond Stores Incorporated v Miller, Admrx., 49 Oh Ap 470.**

**Klein, Rec. v Realty Board Investors, Inc., et, 48 Oh Ap 235.**

We did find the ultimate and controlling facts with reference to that matter to be undisputed, or at least that they were such that reasonable minds could not reasonably differ as to them, and that, as a matter of law, the loss did not occur upon a shipment made after the Fidelity Co. insurance became effective. We may, of course, be wrong in that finding, but it is our best judgment, and results, it seems to us, in the administration of justice according to law.

The application for a rehearing will be denied.

FUNK, PJ, and STEVENS, J, concur in judgment.